**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WSP USA INC.<br><br>*Plaintiff,*<br><br>*vs.*<br><br>TEXAS HIGH SPEED RAIL, LLC<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ______________ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, WSP USA Inc. ("WSP"), files this Original Complaint against Defendant, Texas High Speed Rail, LLC ("TxHSR"), and respectfully submits as follows:

**INTRODUCTION**

Approximately ten years ago, Texas Central Rail Holdings, LLC ("Texas Central") began its plan to develop the highly anticipated Texas High Speed Rail, a passenger rail system envisioned to connect two major metropolitan areas—Dallas and Houston, Texas—spanning 240 miles via a commute meant to take less than 90 minutes. Through a series of evolving agreements, WSP provided design and engineering services to TxHSR, a general contractor, for the Texas High Speed Railway project. In the most recent of those contracts, TxHSR agreed to pay WSP $30 million for "Early Works" services provided by WSP. But TxHSR has not fully paid WSP for those Early Works services. In fact, TxHSR has admitted that it owes WSP millions of dollars. TxHSR refuses to pay WSP, however, insisting that a payment provision from an earlier contract governing

***preliminary design services*** relieves its obligation to pay WSP for its ***Early Works services***. TxHSR's misguided defense is contrary to both the facts of the case and Texas law.

## PARTIES

1. Plaintiff, WSP USA Inc., is a New York corporation with its principal place of business in New York.

2. Defendant, Texas High Speed Rail, LLC, is a Texas Limited Liability Company formed under the laws of the State of Texas whose members are Salini Impregilo S.p.A., an Italian entity whose principal place of business is in Milan, Italy, and The Lane Construction Corp., a corporation organized under the laws of the State of Connecticut whose principal place of business is, on information and belief, in Cheshire, Connecticut. For purposes of diversity jurisdiction, TxHSR is a citizen of each state of which its members are citizens. TxHSR may be served with process by serving its registered agent CT Corporation at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists between WSP and TxHSR because WSP is a citizen of New York and TxHSR, a limited liability company, is a citizen of Italy and Connecticut.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, including because the Project was to be developed in Dallas County. Venue is also proper because TxHSR resides in this district for venue purposes.

## FACTUAL BACKGROUND

### A. The Service Provider Subcontract between WSP and TxHSR.

6. In pursuit of a design-build contract for the Texas High Speed Railway ("Project"), TxHSR entered into a Service Provider Subcontract ("Subcontract") with WSP in October of 2018. Pursuant to the Subcontract, WSP agreed to provide preliminary design services (also called preliminary engineering services) to TxHSR for the Project as set forth in Exhibit A thereto.

7. WSP's scope of work under the Subcontract was to provide preliminary engineering services during the Limited Notice to Proceed ("LNTP") period as set out in Exhibit A to the Subcontract. WSP was to be compensated for its preliminary design services on a time and materials basis, with a "not to exceed" compensation amount of $46,133,737.

8. With respect to compensation payable to WSP for its preliminary design services under the Subcontract, the Subcontract conditioned payment to WSP on receipt of payment by TxHSR from Texas Central for WSP's preliminary engineering services.

### B. Civil Infrastructure Design and Construction Agreement between TxHSR and Texas Central.

9. A Civil Infrastructure Design and Construction Agreement dated August 1, 2019 ("DBA") was executed between Texas Central and TxHSR for the civil infrastructure design and construction of the Project. Article 6 of the DBA addresses "Early Works" as part of TxHSR's scope of services, as set forth in Exhibit Z thereto. WSP was not a party to the DBA.

### C. The October 2019 Early Works Agreement between WSP and TxHSR.

10. By letter agreement dated October 7, 2019 ("October 2019 Agreement"), the parties memorialized a $30 million lump sum agreement according to which WSP agreed to furnish "Early Works" to TxHSR.

11. Per the terms of the October 2019 Agreement, TxHSR agreed that "WSP will be paid for Early Works services up to a not to exceed amount of $27 million prior to December 31, 2019."

12. The remaining $3 million of the lump sum price for Early Works was agreed to be treated as "Deferred Compensation." Specifically, the October 2019 Agreement provides that Texas Central's "payment of the Deferred Compensation [the $3 million] to TxHSR is a condition precedent to TxHSR's obligation to pay the Deferred Compensation to WSP."

13. Payment of the "not to exceed amount of $27 million" was not made contingent upon Texas Central's payment to TxHSR. Instead, the October 2019 Agreement set forth a date certain for payment of the $27 million—a date that has long passed.

14. WSP completed work and invoiced TxHSR for at least $27 million in services for Early Works.

15. To date, TxHSR has paid WSP $22,751,374 of the $30 million lump sum price for Early Works, leaving a total unpaid balance of $7,248,626 (including the $3 million in Deferred Compensation). Of the $27 million TxHSR agreed to pay WSP by December 31, 2019, $4,248,626 remains past due and outstanding.

16. TxHSR has admitted that it owes WSP $4,248,626. By letter dated May 12, 2020, TxHSR acknowledged: "We recognize there is an outstanding balance due to WSP of $4,248,626[.]"

**D. The Parties Agree to Toll All Claims**

17. WSP and The Lane Construction Corporation, Lane-Salini FBB, JV, Webuild SpA, f/k/a Salini-Impregilo S.p.A., and TxHSR (together, "Contractor") entered into a Tolling

Agreement effective on December 13, 2023 ("Original Tolling Agreement"). Therein, "Payment Dispute" means the dispute that Contractor is liable for any additional payment to WSP for certain professional and engineering services. "Contractor" collectively refers to The Lane Construction Corporation, Lane-Salini FBB, JV, Webuild SpA, f/k/a Salini-Impregilo S.p.A., and TxHSR.

18. In the Original Tolling Agreement, WSP and Contractor "acknowledge and agree that any statute of limitation, statute of repose, and all other time-based defenses applicable to any claims or causes of actions arising out of or related to the Payment Dispute will be tolled as of the Effective Date of this Agreement" through the termination date of the Tolling Agreement 365 days later.

19. WSP and Contractor amended the Original Tolling Agreement effective December 5, 2024 ("Amended Tolling Agreement") to extend through December 5, 2025.

20. WSP and Contractor amended the Amended Tolling Agreement effective October 27, 2025 ("Second Amended Tolling Agreement") to extend through December 2, 2026.

21. Accordingly, this lawsuit is timely filed pursuant to these tolling agreements.

## CAUSES OF ACTION

### A. Count 1: Breach of Contract

22. The preceding allegations are fully incorporated by reference.

23. The October 2019 Agreement is a valid, enforceable contract.

24. WSP has fully performed its obligations under the October 2019 Agreement by providing Early Works services for the Project to TxHSR. WSP invoiced TxHSR for its Early Works services in an amount exceeding $27 million.

25. By the terms of the October 2019 Agreement, TxHSR agreed to pay WSP $27 million for the Early Works services by December 31, 2019.

26. TxHSR materially breached the October 2019 Agreement by failing to pay WSP $4,248,626 of the $27 million owed by December 31, 2019.

27. WSP has suffered significant damages because of TxHSR's breach of the October 2019 Agreement.

**B. Count 2: Attorneys' Fees**

28. The preceding allegations are fully incorporated by reference.

29. Due to TxHSR's actions, WSP has been required to retain the services of the law firm Haynes Boone, LLP to assist WSP in pursuing its remedies against TxHSR. WSP has agreed to pay Haynes Boone a reasonable fee for its services necessarily rendered in this action.

30. WSP is entitled to its reasonable and necessary attorneys' fees and costs. TxHSR's failure to pay the amount owed within 30 days following WSP's presentment of its claim will render TxHSR liable to WSP for attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

## RESERVATION OF RIGHT TO AMEND

31. WSP expressly reserves the right to amend its live pleading to seek the Deferred Compensation amount of $3,000,000.00 should WSP learn through discovery that the Deferred Compensation is due (for example, if WSP learns through discovery that TxHSR has been paid by Texas Central and/or that the contingent payment provisions of the October Agreement are not applicable for any reason, including but not limited to a breach by TxHSR of its DBA with Texas Central).

## JURY DEMAND

32. WSP hereby demands a trial by jury on all issues.

## CONDITIONS PRECEDENT

33. All conditions precedent to WSP's recovery have been performed, have occurred, or have been waived.

## PRAYER

34. WHEREFORE, WSP requests the Court grant it the following relief:

a. Judgment awarding WSP all damages it has suffered as a result of TxHSR's breach of the October 2019 Agreement;

b. Judgment awarding WSP its reasonable and necessary attorneys' fees and expenses incurred in this matter under Section 38.001 of the Texas Civil Practice & Remedies Code;

c. Judgment awarding WSP prejudgment and post-judgment interest in the amount allowed by law;

d. Judgment awarding WSP all costs of court; and

e. Such other and further relief as is equitable and just, both at law and in equity, as WSP may show itself justly entitled.

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Michael J. Mazzone*

**Michael J. Mazzone**
Attorney-in-Charge
State Bar No. 13313000
Federal ID No. 4267
*michael.mazzone@haynesboone.com*
**Victor D. Vital**
State Bar No. 00794798
Federal ID No. 25730
*victor.vital@haynesboone.com*
**Brian Vella**
Motion for Admission *Pro Hac Vice* to be filed
*brian.vella@haynesboone.com*
**Dallas Jackson**
State Bar No. 24132246
Federal ID No. 3915051
*dallas.jackson@haynesboone.com*
Haynes and Boone, LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2115
Facsimile: (713) 547-2600

**ATTORNEYS FOR PLAINTIFF WSP USA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this 2nd day of September, 2026.

*/s/ Michael J. Mazzone*
Michael J. Mazzone